**Freddie BRIGHT, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Pennsylvania Department of Corrections, Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 9, 2003.
Decided Sept. 3, 2003.

Freddie Bright, petitioner, pro se.

Marsha Mills Davis, Camp Hill, for respondents.

BEFORE: SMITH–RIBNER, Judge, LEAVITT, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY SENIOR JUDGE MIRARCHI, JR.

Before this Court are the preliminary objections of the Department of Corrections (Department) and the Pennsylvania Board of Probation and Parole (Board), (collectively Respondents), to the petition for review in the nature of an action in mandamus filed by Freddie Bright (Bright), an inmate at the State Correctional Institute at Mahanoy. We sustain the preliminary objections and dismiss the petition for review for failure to state a valid cause of action.

The relevant facts alleged by the parties are as follows. Bright was incarcerated on

robbery charges during the first two weeks of January 1993. On October 21, 1993, Bright plead guilty to ten counts of robbery and was given concurrent sentences of four to ten years. On May 13, 2002, the Board refused to grant Bright parole and ordered him to serve his unexpired maximum sentence. The Department calculated Bright's maximum term expiration date to be October 21, 2003.

On December 30, 2002, Bright filed, pro se, a petition for review in the nature of an action in mandamus,[1] alleging that the Department miscalculated his maximum term expiration date by failing to comply with the sentencing orders issued pursuant to the former Rule 1406(b) of the Pennsylvania Rules of Criminal Procedure, Pa. R.Crim.P. 1406(b).[2] Bright asserts that the language of the sentencing order clearly indicates that he was to receive credit for time served prior to sentencing from January 1993 to October 21, 1993 on each of his ten concurrent sentences, which would result in a maximum term expiration date within the first two weeks of January 2003.[3] Bright seeks an order of this Court, directing the Department to grant him credit for the time served before sentencing and correct his maximum term expiration date to the first two weeks of January 2003. Respondents have filed preliminary objections in the nature of a demurrer, contending that Bright's petition for review should be dismissed for his failure to state a valid cause of action upon which the requested relief can be granted.

■ In ruling upon a preliminary objection in the nature of a demurrer, all well-pleaded allegations of material fact and all inferences reasonably deducible therefrom must be accepted as true. *McGill v. Pennsylvania Department of Health, Office of Drug & Alcohol Programs,* 758 A.2d 268 (Pa.Cmwlth.2000). The court, however, need not accept conclusions of law, unwarranted inferences, argumentative allegations, or expressions of opinion. *Id.* A demurrer must be sustained where it is clear and free from doubt that the law will not permit recovery under the alleged facts. *Id.*

■ It is well established that mandamus is an extraordinary writ. *Taglienti v. Department of Corrections,* 806 A.2d 988 (Pa.Cmwlth.2002). In an action in mandamus involving an administrative agency's exercise of discretion, the court may only direct the agency to perform the discretionary act; the court may neither direct the agency to exercise its judgment or discretion in a particular way, nor retract or reverse an action already taken. *McGill.* Mandamus will only be granted to compel performance of a ministerial duty where the plaintiff establishes a clear legal right to relief, a corresponding duty to act by the defendant, and a lack of any other appropriate and adequate remedy. *Id.* Mandamus is not proper to establish a legal right, but is only appropriately used to enforce those rights that have already been established. *Taglienti.* A writ of

1. By order dated February 24, 2003, this Court treated Bright's petition as a petition for review addressed to our original jurisdiction.

2. Rule 1406 was renumbered as Rule 705 in 2001.

3. In each of the sentencing orders, the trial court imposed the four to ten year imprisonment term with credit for time served "if not already credited." Respondents argue that the court orders do not support Bright's allegations that the sentencing judge intended to give credit for his pre-sentencing incarceration time on each of the ten sentences. Respondents assert that the pre-sentencing credit was applied differently to each of the sentences and that the Department calculated Bright's maximum incarceration date in accordance with the sentencing orders.

mandamus will lie to compel the Department of Corrections to properly compute a prisoner's prison sentence. *Saunders v. Commonwealth,* 749 A.2d 553 (Pa.Cmwlth. 2000); *Doxsey v. Commonwealth,* 674 A.2d 1173 (Pa.Cmwlth.1996).

■ Respondents argue that Bright failed to show a clear right to the requested credit for the time served before sentencing on each of his ten concurrent sentences. Respondents contend that if the sentencing judge intended to give Bright the credit on each of his ten sentences, such an order would be illegal because he is not entitled to receive duplicate credit for time served on unrelated charges.

The computation of sentences and credit for time served is controlled by Section 9760 of the Sentencing Code (Code), 42 Pa.C.S. § 9760, which provides in pertinent part:[4]

[T]he court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charges for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

. . . .

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

Section 9760(4) makes it clear that time credit on a sentence may be granted only when it has not already been credited toward another sentence. *Taglienti; Wassell.* Neither Section 9760 nor any other provision of the Code allows a defendant to receive credit against more than one sentence imposed for multiple convictions of separate and unrelated charges.

The facts in this matter are similar to those in *Commonwealth v. Merigris,* 452 Pa.Super. 78, 681 A.2d 194 (1996), which interpreted Section 9760 of the Code. In *Merigris,* the defendant was arrested for burglary. Subsequently, the United States lodged a detainer against the defendant on unrelated charges. The Commonwealth later charged him with possession and sale of cocaine. On August 20, 1993, the defendant plead guilty to the federal charges and was sentenced to forty-six months imprisonment with credit for the time served. On October 21, 1993, the Commonwealth sentenced the defendant to three to ten years for burglary to run

---

4. Bright argues that the commencement date of a sentence is within the discretion of the sentencing judge under former Pa.R.Crim.P. 1406(b), which provided: "A sentence to imprisonment shall be deemed to commence and shall be computed from the date of commitment for the offense or offenses for which such sentence is imposed, which date *shall be specified by the judge . . . .*" (Emphasis added). As indicated in the comment to the current Rule 705, Pa.R.Crim.P. 705, the former Rule 1406(b) was deleted in 1996 as unnecessary. Former Rule 1406(b) merely required the sen-

tencing judge to specify the commencement date of the sentence and does not support Bright's argument, even if applicable to the matter. *Wassell v. Commonwealth,* 658 A.2d 466 (Pa.Cmwlth.1995). The current Rule 705 only provides: "Whenever more than one sentence is imposed at the same time on a defendant, or whenever a sentence is imposed on a defendant who is sentenced for another offense, the judge shall state whether the sentence shall run concurrently or consecutively."

 

consecutively to the federal sentence and one to two years imprisonment on the drug charges to run concurrently with the burglary sentence. As in this matter, the defendant argued that he should receive credit for his pre-sentencing incarceration against all the sentences under Section 9760 of the Code. In rejecting the claim, the Superior Court stated:

> The absurdity of appellant's case is clear. Following his reasoning appellant would receive a windfall in sentencing for a completely unrelated crime. This court does not deal in 'volume discounts.' The operative rule ... is that a defendant should receive credit only once for time served before sentencing.

*Id.* at 194 (quoting *Commonwealth v. Hollawell*, 413 Pa.Super. 42, 604 A.2d 723, 726 (1992)). To accept Bright's contention would result in granting him double credit on multiple sentences for unrelated offences.

In this matter Bright was sentenced to four to ten year concurrent prison sentences on ten convictions of separate, unrelated charges as in *Merigris*. Therefore, he is not entitled to receive duplicate credit. In calculating Bright's maximum term expiration date, the Department gave Bright credit for the time served prior to sentencing on one sentence. After such credit was given to Bright, his maximum term expiration date of October 21, 2003 remained the same.[5]

Accordingly, the preliminary objections filed by Respondents are sustained, and the petition for review filed by Bright is dismissed.

---

5. In addition, as the Supreme Court previously held, a writ of mandamus will not lie against the Department to perform an illegal act by awarding pre-sentence credit for a period of incarceration that was already applied to another sentence. *Fajohn v. Commonwealth*, 547 Pa. 649, 692 A.2d 1067 (1997).

*ORDER*

AND NOW, this 3rd day of September, 2003, the preliminary objections filed by the Department of Corrections and the Pennsylvania Board of Probation and Parole are sustained, and the petition for review filed by Freddie Bright is hereby dismissed.

*See also Taglienti* (the Department of Corrections can not be compelled to award double credit); *Brown v. Commonwealth*, 686 A.2d 919 (Pa.Cmwlth.1996) (a writ of mandamus will not lie against the Department of Corrections to compel it to honor a clearly illegal sentencing order).