J. S76005/14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ANTHONY PHILIP CULVER, | : | No. 1901 WDA 2013 |
| | : | |
| Appellant | : | |

Appeal from the Order Dated October 28, 2013,
in the Court of Common Pleas of Cambria County
Criminal Division at No. CP-11-CR-0000203-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:  **FILED FEBRUARY 5, 2015**

Anthony Philip Culver ("Culver") appeals from the order denying his

Petition for Writ of **Habeas Corpus**.[1]  Finding no error, we affirm.

---

[1] Culver's petition requested credit for time served that had been awarded by the trial court but not applied by the Department of Corrections. Ordinarily, where the relief requested in a petition for writ of **habeas corpus** is cognizable under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, a petition for writ of **habeas corpus** is subsumed under that statute.  42 Pa.C.S.A. § 9542; **Commonwealth v. Turner**, 80 A.3d 754, 770 (Pa. 2013).  A claim that a sentence is illegal because the court failed to grant credit for time served is cognizable under the PCRA.  **Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa.Super. 2014).  However, where the trial court has awarded credit for time served and the issue is an improper computation of sentence by the Department of Corrections, legality of sentence is not raised and the petition is not cognizable under the PCRA.  **Id.** at 394-395.  In such an instance, the proper method for relief would be an original action in the Commonwealth Court.  **Id.** at 395.  Finally, if the improper computation arises from an ambiguity in the sentencing order the proper course is a petition for writ of **habeas corpus** before the trial court.  **Id.**  As that is the present situation, we will not treat this appeal as arising from the denial of a PCRA petition.

On May 29, 2012, Culver entered a guilty plea to robbery, and on July 24, 2012, Culver was sentenced to a bargained 24 to 48 months' imprisonment. On September 10, 2012, Culver's motion for modification of sentence was denied. Culver filed a notice of appeal on October 30, 2012. On January 9, 2013, this court quashed the appeal as untimely.

On March 27, 2013, Culver filed a *pro se* PCRA petition. Counsel was appointed, and on April 9, 2013, Culver's direct appeal rights were restored. Culver filed his notice of appeal on April 18, 2013. On September 26, 2013, while his direct appeal was still pending, Culver filed the instant Petition for Writ of *Habeas Corpus*. Subsequently, Culver's direct appeal was discontinued on October 21, 2013. Thereafter, on October 28, 2013, the trial court held a hearing on Culver's petition and denied it by order of that same date. Culver brings this timely appeal.

Preliminarily, we note that appellate counsel has filed a petition to withdraw and a "no-merit" brief pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).[2] We must first review whether counsel has met the requirements for permission to withdraw pursuant to *Turner*-*Finley*. Those requirements are:

> As set forth above, counsel has filed in this
> Court an Application to withdraw and an appellate

---

[2] Although *Turner-Finley* procedure is generally employed in a PCRA setting, we find that it is an appropriate method for an attorney seeking to withdraw in any collateral matter.

brief. In **Commonwealth v. Pitts**, 603 Pa. 1, 981 A.2d 875 (2009), our Pennsylvania Supreme Court stated that

> [i]ndependent review of the record by competent counsel is required before withdrawal is permitted. **Turner**, at 928 (citing **Pennsylvania v. Finley**, 481 U.S. 551, 558, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987)). Such independent review requires proof of:
>
> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
>
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PC[R]A court conducting its own independent review of the record; and
>
> 5) The PC[R]A court agreeing with counsel that the petition was meritless.
>
> **Pitts**, 981 A.2d at 876 n. 1 (quoting **Finley**, 550 A.2d at 215).

**Commonwealth v. Widgins**, 29 A.3d 816, 817-818 (Pa.Super. 2011).

Additionally, **Widgins** resurrected from **Commonwealth v. Friend**, 896 A.2d 607 (Pa.Super. 2006), the requirement that counsel must serve a

copy of the petition to withdraw and no-merit brief on the PCRA petitioner, and inform the petitioner that if counsel is permitted to withdraw, the petitioner has the right to proceed **pro se** or with privately retained counsel. **Widgins**, 29 A.3d at 818. We have reviewed counsel's petition to withdraw and no-merit brief and have found that they now comport with these requirements;[3] thus, our only remaining task is to review Culver's issues to determine whether they have merit.

The only issue raised by Culver is that the award of time served in his sentencing order is ambiguous and is being improperly applied. Our standard of review states that "[t]he decision to grant or deny a petition for writ of **habeas corpus** will be reversed on appeal only for a manifest abuse of discretion." **Commonwealth v. McCullough**, 86 A.3d 901, 905 (Pa.Super. 2014), quoting **Commonwealth v. Winger**, 957 A.2d 325, 327 (Pa.Super. 2008). We find no abuse of discretion.

We find that the trial court's analysis on this issue is absolutely correct:

> In his Petition Culver contends that he is not being given proper credit for time served by the Department of Corrections (DOC) on Cambria County Criminal Docket 0203-2012. Culver was charged in case 0203-2012 on December 8, 2011 while he was incarcerated on charges filed to docket number 1779-2011. Culver was incarcerated on case 1779-2011 on September 8, 2011, ninety-two (92) days prior to charges being filed in case 0203-2012.

---

[3] We previously ordered counsel to comply with the notice requirements under **Widgins** and **Friend**. The record indicates that counsel has done so.

Culver entered a guilty plea in case 1779-2011 on April 3, 2012 and was sentenced on May 3, 2012, *inter alia*, to serve three (3) to twelve (12) month[s] in the Cambria County Prison with credit for time served. Culver was paroled on 1799-2011 on July 26, 2012. On May 29, 2012, Culver entered a guilty plea to charges in case 0203-2012 and was sentenced on July, 24, 2012, *inter alia*, to serve a period of incarceration of twenty-four (24) to forty-eight (48) months in a state correctional institution with credit for time served on 0203-2012. Culver's Petition argues that the time he spent incarcerated since December 8, 2011 should be credited to case 0203-2012.

The Sentencing Code requires a court to give credit to a defendant "for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed." 42 Pa.C.S.A. § 9760(1) (West 2014). The principle underlying the statute is that a defendant should receive credit for time spent in custody prior to sentencing for a particular offense. ***Commonwealth v. Mann***, 957 A.2d 746, 749 (Pa. Super. 2008). However, once a defendant is sentenced by any Pennsylvania court, he is no longer in custody as a result of criminal charges for any other offense. ***Commonwealth v. Lloyd***, 509 A.2d 868, 872 (Pa. Super. 1986). Consequently, because a defendant is deemed to be imprisoned "as a result of" the first conviction, he is not entitled to receive additional time credit for subsequent sentences imposed by other courts. ***Commonwealth v. Hollowell***, 413 Pa. Super. 42, 47-48, 604 A.2d 723, 726 (Pa.Super. 1992) (holding that a defendant is not entitled to duplicative credit on two sentences because it would be a windfall).

In addition it is well settled that a defendant shall be given "credit for any days spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed. Credit is not given, however, for a commitment by reason of a separate and distinct offense." ***Commonwealth v. Miller***, 440 Pa. Super.

- 5 -

380, 384, 655 A.2d 1000, 1002 (1995) (quoting *Commonwealth ex rel. Bleecher v. Rundle*, 207 Pa. Super. 443, 445, 217 A.2d 772, 774 (1966)). *See also*, *Commonwealth v. Clark*, 885 A.2d 1030, 1033 (Pa.Super. 2005); *Hollowell*, 413 Pa. Super. at 46, 604 A.2d at 725.

As noted above when the charges to case 0203-2012 were filed on December 8, 2011, Culver was already incarcerated on case 1779-2011 and at no time did Culver post bail on case 1779-2011. On May 3, 2012, when he was sentenced on case 1779-2011 Culver was awarded credit for time served since September 8, 2011, as that was the date of incarceration on those charges. Culver could not receive credit for that same time on case 0203-2012 as those cases were separate and distinct offenses and it would be a windfall to allow him credit for that time on two separate cases. *Hollowell*, 413 Pa. Super. at 47-48, 604 A.2d at 726 (where defendant was sentenced separately on convictions resulting from two criminal informations, and awarded credit for time previously served as to one set of charges, he was not entitled to credit for time served prior to imposition of sentence on second set of charges; once first judge credited defendant for time previously served, his time in custody was no longer "a result of" charges brought before second judge). *See also*, *Bright v. Pennsylvania Bd. of Prob. & Parole*, 831 A.2d 775, 779 (Pa.Cmwlth. 2003); *Commonwealth v. Merigris*, 452 Pa. Super. 78, 81, 681 A.2d 194, 195 (1996).

Further, Culver could not receive credit for the period of May 3, 2012 through July 26, 2012, on case 0203-2012 as that time was counted toward his sentence on case 1779-2011 resulting in his parole on July 26, 2012, on that case. Due to the Court's error in failing to indicate if the sentence at 0203-2012 was to run concurrent or consecutive to that at 1779-2011 the sentence was treated as being concurrent resulting in Culver being credited on case 0203-2012 with time from July 24, 2012, rather than from the date of his parole on 1779-2011. N.T.

10/28/13 pp. 3-4 (testimony of Mary Makin, records department Cambria County Prison).

Trial court opinion, 2/3/14 at 2-4. We adopt this analysis as our own and affirm on this basis.

Accordingly, having found no merit in the issue raised on appeal, we will affirm the order denying Culver's Petition for Writ of **Habeas Corpus**.

Order affirmed. Counsel permitted to withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015