# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dayeshon Barnes, : 
                    Petitioner : 
                                : 
                v. : No. 41 M.D. 2017
                                : Submitted: July 21, 2017
Commonwealth of Pennsylvania, : 
Department of Corrections, : 
                    Respondent : 

**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                    **HONORABLE MICHAEL H. WOJCIK,** Judge
                    **HONORABLE JOSEPH M. COSGROVE,** Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: August 28, 2017**

Before this Court for disposition in our original jurisdiction is the preliminary objection (PO) in the nature of a demurrer of the Commonwealth of Pennsylvania, Department of Corrections (DOC) to the petition for review in the nature of a writ of mandamus (Petition) filed by Dayeshon Barnes (Barnes). Barnes, an inmate at the State Correctional Institution at Waymart, petitions this Court to order DOC to award him credit for time served while on pretrial detention in a juvenile facility. For the reasons that follow, we will overrule DOC's PO in part and sustain it in part.

On September 18, 2013, Barnes was committed to Woods Services, a juvenile facility, on various charges under docket number CP-23-JV-0001128-

2013 (JV 1128-13). (Petition ¶ 2; Barnes' Br., Ex. B.[1]) Barnes was in the custody of Woods Services until May 13, 2014, when he went absent without official leave (AWOL). (Petition ¶ 3.) On July 11, 2014, Barnes was arrested and charged with violating Sections 6105 and 6106 of the Pennsylvania Uniform Firearms Act of 1995 (Firearms Act), 18 Pa. C.S. §§ 6105 (Persons not to possess, use, manufacture, control, sell or transfer firearms), 6106 (Firearms not to be carried without a license), under docket number CP-23-CR-0004793-14 (4793-14). (Petition ¶ 4; Barnes' Br. at 1.) On September 8, 2016, Barnes' juvenile matter was transferred to the Criminal Division of the Court of Common Pleas of Delaware County (common pleas) for prosecution and given docket number CP-23-CR-0005753-16 (5753-16). (Petition ¶¶ 5-6; Barnes' Br., Ex. B.) On November 17, 2016, Barnes pleaded guilty to violating Sections 6105 and 6106 of the Firearms Act under docket number 5753-16. (Petition ¶ 6; Barnes' Br., Ex. C.) Common pleas sentenced Barnes on the same day, imposing 4 to 10 years of imprisonment on the first count, violation of Section 6105, with "credit for time served." (Petition ¶ 7; Barnes' Br., Ex. C.) Common pleas imposed a seven-year

---

[1] Barnes attached to his brief opposing DOC's PO, a September 16, 2016 order of juvenile court transferring JV 1128-13 to the Criminal Division of the Court of Common Pleas of Delaware County (common pleas) (Exhibit B), and a November 17, 2016 common pleas' Certificate of Imposition of Judgment of Sentence in docket number CP-23-CR-0005753-16 (Exhibit C). This Court may take judicial notice of official court records and public documents at the preliminary objection stage. *See, e.g.*, Pa. R.E. 201(b)(2); *see Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 1996) (taking judicial notice of copies of official criminal court records, which respondent had attached to its preliminary objection); *see also Williams v. Dep't of Corr.* (Pa. Cmwlth., No. 448 M.D. 2013, filed Feb. 17, 2016), slip op. at 6 n.11 (noting that while petitioner did not append trial court's judgment of sentence to his petition for review, this Court would take judicial notice of it from the docket entries of his direct appeal to Superior Court); *Styers v. Bedford Grange Mut. Ins. Co.*, 900 A.2d 895, 899 (Pa. Super. 2006) (stating that a court may take judicial notice of a fact "which is incorporated into the complaint by reference to a prior court action") (citation omitted).

2

term of probation for the other count, violation of Section 6106, to be served consecutively to the term of imprisonment imposed. (*Id.*) The term of imprisonment imposed under docket number 5753-16 was to run "concurrent" to the term of imprisonment imposed under docket number 4793-14.[2] (*Id.*)

On February 1, 2017, Barnes filed the Petition, alleging that he is entitled to a credit of 1,098 days spent in custody.[3] Barnes asserted that he spent 238 days in custody from September 18, 2013, when he was first committed to Woods Services, until May 13, 2014, when he went AWOL. Barnes also asserted that he spent 860 days in custody from the time he was arrested for the charges under docket number 4793-14 until the time he was sentenced on November 17, 2016.

DOC filed a PO in the nature of a demurrer, asserting that Barnes is seeking a double credit by attempting to have the 238 days he spent in Woods Services applied against his sentence under docket number 4793-14.[4] DOC also asserts that the time Barnes spent in Woods Services is unrelated to his sentence under docket number 4793-14, and, therefore, it would be illegal to apply a credit for this time against his sentence under docket number 4793-14. Further, DOC argues that, according to its records, Barnes is receiving credit for the 860 days he spent in custody while awaiting sentencing under docket number 4793-14, which was appropriate. (PO ¶¶ 24-25.) Accordingly, DOC asserts that its PO should be granted and Barnes' Petition should be dismissed with prejudice.

---

[2] Barnes does not specify the charge to which he pleaded guilty or the length of the sentence imposed under docket number 4793-14. Based on the allegations in Barnes' Petition, it appears he was sentenced under docket number 4793-14 on November 17, 2016, the same day he was sentenced under docket number 5753-16.

[3] Barnes referred to his Petition as "Motion for Credit for Time Served."

[4] DOC also raised a preliminary objection based on lack of proper service, which this Court denied by order dated March 22, 2017.

3

In ruling on preliminary objections in the nature of a demurrer, we must admit all well-pleaded material facts and any inferences reasonably deduced therefrom. *Danysh v. Dep't of Corr.*, 845 A.2d 260, 262-63 (Pa. Cmwlth. 2004). Preliminary objections may be sustained only when the case is clear and free from doubt and "only where it appears with certainty that the law permits no recovery under the allegations pleaded." *Sweatt v. Dep't of Corr.*, 769 A.2d 574, 577 (Pa. Cmwlth. 2001). "Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Vattimo v. Lower Bucks Hosp., Inc.*, 465 A.2d 1231, 1232-33 (Pa. 1983) (citation omitted).

Barnes answered DOC's PO, admitting that he is currently receiving credit for the 860 days he spent in custody prior to his being sentenced under docket number 4793-14 and that this is appropriate. (Answer ¶¶ 24-25.) We, therefore, sustain DOC's PO to the extent the Petition seeks a credit of 860 days. However, Barnes argues that he is not seeking double credit for the 238 days he spent in custody at Woods Services because these 238 days apply to his sentence under a different docket number, docket number 5753-16. (Barnes' Br. at 3.)

"[M]andamus is an extraordinary writ of common law, designed to compel performance of a ministerial act or mandatory duty where there exists a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other adequate and appropriate remedy." *Bronson v. Bd. of Prob. and Parole*, 421 A.2d 1021, 1023 (Pa. 1980). "A writ of mandamus will lie to compel [DOC] to properly compute a prison sentence." *Bright v. Pa. Bd. of Prob. and Parole*, 831 A.2d 775, 777-78 (Pa. Cmwlth. 2003).

Section 9760 of the Sentencing Code governs credit for time served. 42 Pa. C.S. § 9760. The relevant portion of Section 9760 provides as follows:

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

\* \* \*

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa. C.S. § 9760(1), (4). Section 9760(1) authorizes credit for time spent in custody prior to sentencing for the specific charge or conduct for which a sentence is imposed. Section 9760(4) permits a credit "if, on the date of the defendant's arrest on charges for which he is being sentenced, he was already incarcerated for unrelated charges for which he was not given credit on any other sentence." *Commonwealth v. Miller*, 655 A.2d 1000, 1003 (Pa. Super. 1995).

DOC's position is that Barnes is seeking a credit of 238 days for time he spent at Woods Services, a juvenile facility, against the sentence imposed under docket number 4793-14. If Barnes were seeking this relief, it would be inappropriate because he would be receiving a credit for a "'completely unrelated crime.'" *Bright*, 831 A.2d at 779 (quoting *Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa. Super. 1996)); *see Miller*, 655 A.2d at 1002 (stating that "'credit for

5

any days spent in custody prior to the imposition of sentence'" shall be given "'but only if such commitment is on the offense for which sentence is imposed,'" and that "'[c]redit is not given . . . for a commitment by reason of a separate and distinct offense'") (quoting *Commonwealth ex rel. Bleecher v. Rundle*, 217 A.2d 772, 774 (Pa. Super. 1966)). However, it does not appear that Barnes is seeking a credit of 238 days against his sentence under docket number 4793-14. Rather, as per his Petition, and clarified in his brief and attached to common pleas' Certificate of Imposition of Judgment of Sentence, he seeks a credit of 238 days for the time spent in Woods Services against the sentence imposed under docket number 5753-16. Docket number 5753-16 was originally the juvenile matter, identified as JV 1128-13, but became docket number 5753-16 once the juvenile court transferred the matter to common pleas for prosecution. Thus, at this early stage, it is not clear and free from doubt that Barnes is asking for an unlawful credit or double credit as asserted in DOC's PO. Accordingly, to the extent Barnes seeks a credit of 860 days, DOC's PO in the nature of demurrer is sustained, but DOC's PO to Barnes' request for a credit of 238 days to be applied against the sentence at docket number 5753-16 is overruled.

**RENÉE COHN JUBELIRER,** Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dayeshon Barnes, :
                     Petitioner :
                              :
                v. : No. 41 M.D. 2017
                              :
Commonwealth of Pennsylvania, :
Department of Corrections, :
                   Respondent :

## O R D E R

    **NOW**, August 28, 2017, the Preliminary Objection (PO) of the Commonwealth of Pennsylvania, Department of Corrections (DOC) to the Petition for Review (Petition) is hereby sustained, in part, and overruled, in part.  DOC's PO is **OVERRULED** to the extent Barnes seeks a credit of 238 days to be applied against his sentence at docket number 5753-16.  The PO is **SUSTAINED** to the extent Barnes seeks a credit of 860 days.  DOC shall file an answer to the Petition within 30 days of this Court's Order.

                                                          _____

                                                        **RENÉE COHN JUBELIRER,** Judge