IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tracy S. Painter,                           :
                    Petitioner              :
                                            :
        v.                                  :   No. 1703 C.D. 2019
                                            :   Submitted: May 29, 2020
Pennsylvania Board of                       :
Probation and Parole,                       :
                    Respondent              :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                           FILED: July 6, 2020

        Tracy S. Painter (Painter) petitions for review of an adjudication of the
Pennsylvania Board of Probation and Parole (Parole Board)[1] denying, in part, his
request for administrative relief from its decision to recommit him as a convicted
parole violator. On appeal, Painter argues that he was entitled to credit on his
original sentence for the time he was incarcerated on the Parole Board's detainer.
For the reasons that follow, we affirm the Parole Board's adjudication.

        The relevant facts are not in dispute. Painter was serving a sentence of
incarceration for aggravated assault and endangering the welfare of a child (original
sentence). His maximum date of sentence was July 17, 2019. On June 6, 2017,
Painter was paroled.

---

[1] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole
was renamed the Pennsylvania Parole Board. *See* Sections 15 and 16.1 of the Act of December
18, 2019, P.L. 776, No. 115, §§15, 16.1 (effective February 18, 2020); *see also* Sections 6101 and
6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

While on parole, Painter absconded from parole supervision. The Parole Board declared him delinquent effective September 26, 2017. Subsequently, on October 7, 2017, local authorities observed Painter driving over the center lines of the road. When they tried to pull him over, Painter kept driving, eventually veering off the road. Local authorities took Painter into custody. On that same day, the Parole Board issued a warrant to detain Painter for violations of his parole.[2]

Following further investigation, on October 10, 2017, local authorities filed new criminal charges against Painter for aggravated assault, fleeing or attempting to elude a police officer, recklessly endangering another person, resisting arrest or other law enforcement, driving under the influence of alcohol or a controlled substance, and agricultural trespass. On October 11, 2017, Painter was arraigned on the new criminal charges. Painter did not post bail and remained incarcerated on the new criminal charges.

On August 31, 2018, Painter pled guilty to fleeing or attempting to elude a police officer and was sentenced to 11½ to 23 months' incarceration in county prison (new sentence).[3] Painter received credit on his new sentence for the time spent incarcerated awaiting disposition of the criminal charges, *i.e.*, October 8, 2017, to August 31, 2018, or 327 days. On September 7, 2018, Painter was paroled from his new sentence.

By decision recorded November 13, 2018, the Parole Board recommitted Painter as a convicted parole violator to serve 18 months' backtime. The Parole Board determined not to award Painter credit for the time he spent at

[2] Initially, Painter was arrested on the Parole Board's warrant on October 7, 2017.

[3] Additionally, Painter pled guilty to recklessly endangering another person and resisting arrest and was sentenced to two years' probation to be served consecutive to his sentence of incarceration. Painter also pled guilty to driving under the influence of a high rate of alcohol and was sentenced to a term of imprisonment of 72 hours to 6 months.

2

liberty on parole, citing his unresolved drug and alcohol issues. Painter's new maximum sentence date was calculated as November 21, 2020.

Painter filed a request for administrative relief challenging the Parole Board's calculation of his maximum sentence date. Painter sought credit for the following periods of time: (1) June 6, 2017, to September 27, 2017; (2) October 8, 2017, to August 31, 2018; and (3) September 13, 2018, forward.

On September 16, 2019, the Parole Board modified its November 13, 2018, decision, recalculating Painter's maximum sentence date to be October 13, 2020.[4] Thereafter, on October 31, 2019, the Parole Board modified its prior decisions recorded on November 13, 2018, and September 16, 2019, and awarded Painter credit for the time he spent at Alle-Kiski Pavilion, a drug and alcohol treatment center, from June 6, 2017, to September 26, 2017, or 112 days, resulting in a new parole violation maximum sentence date of June 23, 2020.

Then, by decision mailed November 6, 2019, the Parole Board responded to Painter's request for administrative relief. The Parole Board explained that its decision of October 31, 2019, awarded credit to Painter for the time spent at liberty on parole at Alle-Kiski Pavilion. Additionally, the Parole Board explained that Painter was not entitled to credit for his pre-sentence incarceration because he was not incarcerated solely on its detainer. Painter petitioned for this Court's review.

On appeal,[5] Painter argues that he is entitled to credit towards his original sentence for his pre-sentence confinement from October 8, 2017, to August

---

[4] The Parole Board gave Painter credit for a prior period of parole from October 31, 2016, to December 6, 2016, or 36 days, pursuant to this Court's decision in *Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019), *petition for allowance of appeal denied* (Pa., No. 92 EAL 2019, filed March 27, 2020).

[5] This Court's review determines whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights

31, 2018. He argues that his inability to post bail for financial reasons should not cause him to have a longer sentence. The Parole Board responds that Painter is not entitled to credit on his original sentence for this time because he was not incarcerated solely on its detainer; rather, credit for this time can only be applied to his county sentence. Thus, its adjudication should be affirmed.

We begin with a brief review of the law on credit for time served awaiting disposition of new criminal charges. Generally, if a defendant "remains incarcerated prior to trial because he has failed to satisfy bail requirements on the new criminal charges, then the time spent in custody shall be credited to his new sentence." *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568, 571 (Pa. 1980). However, "if a defendant is being held in custody solely because of a detainer lodged by the [Parole] Board and has otherwise met the requirements for bail on the new criminal charges, the time which he spent in custody shall be credited against his original sentence." *Id.* at 571.

In *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), the Supreme Court addressed how to apply *Gaito* to allocate pre-sentence confinement time when the length of pretrial confinement exceeds the sentence imposed for the new crimes. It stated that

> where an offender is incarcerated on both a [Parole] Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.

*Id.* at 309 (footnote omitted). Recently, the Supreme Court confirmed that

---

have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

4

> *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator who receives a new sentence of incarceration, and the exception to *Gaito*, … developed in *Martin*, is limited to cases in which a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general *Gaito* rule would result in excess incarceration.

*Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759, 768-69 (Pa. 2017).

The Parole Board lodged a detainer against Painter at the time he was detained on the new criminal charges; he remained incarcerated for those charges because he did not post bail. Subsequently, Painter was convicted and sentenced. Because the Parole Board's detainer was not the sole reason for Painter's pre-sentence confinement, that time must be applied to the new sentence.[6] *Gaito*, 412 A.2d at 571; *see also Hill v. Pennsylvania Board of Probation and Parole*, 683 A.2d 699, 702 (Pa. Cmwlth. 1996) ("[T]ime served by the prisoner prior to the date parole is revoked must be applied to the new sentence.").

Further, Painter received credit on his new sentence for his pre-sentence confinement time, *i.e.*, from October 8, 2017, to August 31, 2018. This Court has held "time credit on a sentence may be granted only when it has not already been credited toward another sentence." *Bright v. Pennsylvania Board of Probation and Parole*, 831 A.2d 775, 778 (Pa. Cmwlth. 2003); *see also Commonwealth v. Merigris*, 681 A.2d 194, 195 (Pa. Super. 1996) ("The operative rule … is that a defendant should receive credit only once for time served before sentencing."). Because

---

[6] Painter was detained on the new criminal charges from October 11, 2017, until August 31, 2018, or 324 days. He was convicted and sentenced to 11½ to 23 months' incarceration. Since his sentence was greater than his detention, *Martin* is inapplicable.

Painter has received credit for his pre-sentence confinement time towards his new sentence, he cannot also receive credit for this time on his original sentence.

When Painter was paroled on June 6, 2017, his maximum sentence date was July 17, 2019. Therefore, Painter had 771 days remaining on his original sentence. In recommitting Painter as a convicted parole violator, the Parole Board awarded him credit for the 112 days he spent at Alle-Kiski Pavilion. In addition, the Parole Board gave Painter credit for the time he spent incarcerated solely on the Board's detainer, *i.e.*, from October 7, 2017, to October 11, 2017, or 4 days. Subtracting 116 days from 771 days resulted in Painter having 655 days remaining on his original sentence. Adding 655 days to September 7, 2018, results in a maximum sentence date of June 23, 2020. We conclude that the Parole Board correctly calculated Painter's parole violation maximum sentence date.

For these reasons, we affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tracy S. Painter,                     :
          Petitioner        :
                               :
        v.                :  No. 1703 C.D. 2019
                               :
Pennsylvania Board of       :
Probation and Parole,       :
          Respondent    :

## **O R D E R**

AND NOW, this 6th day of July, 2020, the adjudication of the Pennsylvania Board of Probation and Parole, dated November 6, 2019, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge