Shamon Kennedy, :
                Petitioner :
                 :
           v. : No. 193 M.D. 2024
            : Submitted: April 8, 2025
Pennsylvania Dept. of Corr.; Bobbi Jo :
Salamon, Sup't of SCI Rockview; and :
Jennifer Bumbarger, Supervisor of :
Records, :
          Respondents :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
PRESIDENT JUDGE COHN JUBELIRER        FILED: July 2, 2025

Presently before this Court in our original jurisdiction is a sole preliminary objection in the nature of a demurrer of the Pennsylvania Department of Corrections, Bobbi Jo Salamon, Superintendent of the State Correctional Institution at Rockview (SCI-Rockview), and Jennifer Bumbarger, Supervisor of Records (together, the DOC), to the Petition for Review (Petition) in the nature of mandamus filed by Shamon Kennedy (Kennedy), proceeding pro se. In Kennedy's answer to the preliminary objection, Kennedy also requests summary relief pursuant to Pennsylvania Rule of Appellate Procedure 1532(b), Pa.R.A.P. 1532(b).[1] Through the Petition, Kennedy seeks an order compelling the DOC to recalculate his state sentence in accordance with the sentencing order from the Court of Common Pleas

---

[1] Pa.R.A.P. 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear."

of Chester County (common pleas), which directed that Kennedy's state sentence be served concurrently with an already imposed federal sentence. After careful review, we overrule the DOC's preliminary objection, deny summary relief, and order the DOC to file an answer to the Petition.

## I.    BACKGROUND

The Petition recites the following facts, which we accept as true for the purpose of resolving the DOC's preliminary objection.[2] Kennedy is an inmate currently incarcerated at SCI-Rockview. (Petition ¶ 4.) On December 11, 2009, common pleas sentenced Kennedy to 12 to 24 years in an SCI with no credit for time served (state sentence). (Petition, Exhibit (Ex.) A, Common Pleas' Sentencing Order at 3.) Per the sentencing order, the state sentence was "**to run concurrent** to the sentence imposed [on Kennedy] in federal court [(federal sentence)]," which Kennedy was serving at the time of sentencing by common pleas. (*Id.* (emphasis added).)[3] Kennedy had been sentenced in federal court on April 1, 2009, and awarded pre-sentence confinement credit from January 18, 2006, to March 31, 2009. (*Id.*, Ex. K.)

Because Kennedy had time remaining on a prior state sentence, following his return to state custody he was required to serve a parole violation sentence on that sentence, which occurred from August 26, 2019, to August 26, 2021. (Petition ¶¶ 12-13, Ex. B.) Upon Kennedy's August 26, 2021 reparole from the prior state sentence, his service on the state sentence at issue here "restarted" on August 27,

---

[2] *See, e.g.*, *O'Toole v. Dep't of Corr.*, 196 A.3d 260, 264 (Pa. Cmwlth. 2018) (accepting as true for the purposes of addressing preliminary objections facts as recited in an inmate's pro se petition for review seeking relief in mandamus).

[3] "A concurrent sentence is one that is served simultaneously with the sentence or sentences with which it is concurrent." *Commonwealth v. Borrin*, 80 A.3d 1219, 1222 n.5 (Pa. 2013) (citation omitted).

2021. (Petition ¶ 14, Ex. B.) On September 8, 2021, the DOC calculated the minimum and maximum dates for the state sentence using February 18, 2010, as the effective date for the sentence, which made the minimum date February 18, 2022, and the maximum date February 18, 2034. (Petition ¶ 8, Ex. B.) In doing so, the DOC gave Kennedy credit on the state sentence beginning February 18, 2010, and for 23 months and 3 days of pre-sentence confinement, notwithstanding that he had already received credit for that confinement on his federal sentence. (*Id.* ¶ 8.)

Kennedy was subsequently granted parole on the state sentence in December 2022. (*Id.*) However, before Kennedy was released on parole, the DOC recalculated the state sentence by removing **all** of the credit awarded in the September 8, 2021 calculation, which changed the minimum sentence date to August 27, 2033, and the maximum sentence date to August 27, 2045. (*Id.* ¶ 9.) In this recalculation, the DOC used August 27, 2021, as the starting date for the state sentence, rather than the February 18, 2010 date previously used. (*Id.*, Ex. B.)

Kennedy exhausted his administrative remedies by filing an administrative grievance challenging the DOC's recalculation, which resulted in the DOC recalculating his sentence dates to give him 14 months and 24 days of pre-sentence confinement credit, from his date of arrest (January 7, 2008) to March 31, 2009 (the day before his federal sentencing). (*Id.* ¶ 11.) This made Kennedy's minimum sentence date June 3, 2032, and his maximum date June 3, 2044. (*Id.*) This recalculation was upheld through the grievance appeals process. (*Id.* ¶ 11, Exs. H, I, J.)

Kennedy now seeks a writ of mandamus, maintaining that the DOC's recalculation of his minimum and maximum sentence dates for the state sentence fails to give effect to the sentencing order's explicit direction that his state sentence

3

was to run concurrently with the federal sentence he had been serving. (*Id.* ¶¶ 9-10.) Kennedy acknowledges that he is not entitled to, and is not seeking, any pre-sentence confinement credit because his sentencing order explicitly denied such credit and he received credit for that time on his federal sentence. (*Id.* ¶¶ 10, 15.) However, Kennedy argues that the only credit that should have been removed by the DOC was any pre-sentence confinement credit that the DOC had awarded him, and not the credit on the state sentence from December 11, 2009, his sentencing date, to August 26, 2019, which was the concurrent credit to which he was entitled pursuant to the explicit language of his sentencing order. (*Id.* ¶¶ 8-10, 13.) When this is done, he asserts, the proper calculation of his sentence would be a minimum sentence date of December 11, 2023, and a maximum sentence date of December 11, 2035. (*Id.* ¶¶ 10, 12, 14.) Because the DOC refuses to do this, he seeks an order from this Court directing the DOC to properly calculate his state sentence in accordance with the sentencing order. (*Id.* ¶ 16 (Wherefore Clause).)

The DOC has filed the preliminary objection pursuant to Pennsylvania Rule of Appellate Procedure 1516(b), Pa.R.A.P. 1516(b),[4] and Pennsylvania Rule of Civil Procedure 1028(a)(4), Pa.R.Civ.P. 1028(a)(4),[5] demurring that Kennedy failed to establish any entitlement to mandamus relief. (DOC Preliminary Objection at 3-7.)

---

[4] Pa.R.A.P. 1516(b) provides, in pertinent part:

> Where an action is commenced by filing a petition for review [in this Court's] original jurisdiction, the pleadings are limited to the petition for review, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, preliminary objections, and answers.

[5] Pursuant to Pennsylvania Rule of Appellate Procedure 1517, Pa.R.A.P. 1517, "the practice and procedure . . . relating to pleadings in original jurisdiction petition for review practice shall be in accordance with the appropriate Pennsylvania Rules of Civil Procedure, so far as they may be applied."

Kennedy filed an answer to the preliminary objection, reiterating the arguments made in the Petition, and also seeking summary relief under Pa.R.A.P. 1532(b). (Kennedy Answer at 1-2 (citing *Summit Sch., Inc., v. Dep't of Educ.*, 108 A.3d 192, 195 (Pa. Cmwlth. 2015)).)

## II. DISCUSSION

### A. Preliminary Objections

"Preliminary objections may be filed by any party to any pleading . . . [for] legal insufficiency of a pleading (demurrer)." Pa.R.Civ.P. 1028(a)(4). In *Torres v. Beard*, 997 A.2d 1242 (Pa. Cmwlth. 2010), we summarized our applicable review:

> In ruling on preliminary objections, we must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the complaint and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Id*. at 1245 (citations omitted).

"A writ of mandamus is an extraordinary remedy available only to compel the performance of a ministerial act or mandatory duty on the part of a governmental body." *Comrie v. Dep't of Corr.*, 142 A.3d 995, 1000 (Pa. Cmwlth. 2016) (citation omitted). "In order for a writ of mandamus to issue, [a] petitioner must establish [(1)] a clear legal right to relief, [(2)] a corresponding duty in the respondent, and

[(3)] that [the] petitioner has no other adequate remedy at law." *Id*. at 1000-01 (alterations added) (citation omitted). Relevant here, "the sentence imposed by a [sentencing] court is a question of law that involves no discretion on the part of the D[OC], [and] mandamus will lie to compel the D[OC] to properly compute a prisoner's sentence." *Powell v. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011).[6]

### B. *Clear Right to Relief*

The DOC first asserts that Kennedy cannot demonstrate a clear right to have credit applied to the state sentence for time served during the federal sentence. (DOC's Preliminary Objection (PO) ¶¶ 17-18; DOC's Brief (Br.) at 7-8.) Specifically, according to the DOC, mandamus cannot be used to establish rights, and Kennedy is not entitled to have the state sentence recalculated in the manner sought. (*Id*.) In response, Kennedy contends that common pleas had the authority to impose a concurrent sentence, and the DOC erroneously recalculated the state sentence without accounting for common pleas' order imposing the concurrent sentence. (Kennedy's Br. at 2; Petition ¶¶ 8, 12.)

In Kennedy's sentencing order, common pleas expressly ordered that Kennedy's state "sentence is to run concurrent to the sentence imposed in federal

---

[6] Our Supreme Court has opined:

The Commonwealth Court has routinely entertained Petitions for Review in the nature of mandamus seeking orders to compel the D[OC] to apply credit for time served. . . . **Where** discretionary actions and criteria are not being contested, but rather **the actions of the D[OC] in computing an inmate's maximum and minimum dates of confinement are being challenged, an action for mandamus remains viable as a means for examining whether statutory requirements have been met**.

*McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1130-31 (Pa. 2005) (emphasis added).

court . . . ." (Petition, Ex. A, Common Pleas' Sentencing Order at 3.) Section 9721(a) of the Sentencing Code (Code) provides:

> **(a) General rule.--**In determining the sentence to be imposed the court shall, except as provided in subsection (a.1), consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:
>
> > (1) An order of probation.
> > (2) A determination of guilt without further penalty.
> > (3) Partial confinement.
> > (4) Total confinement.
> > (5) A fine.

42 Pa.C.S. § 9721(a). This Court has recognized, in line with the Superior Court's longstanding precedent, that "Section 9721(a) of the Sentencing Code [] '**affords the sentencing court discretion to impose its sentence concurrently** or consecutively **to other sentences being imposed at the same time or to sentences already imposed**.'" *Jacob v. Dep't of Corr.* (Pa. Cmwlth., No. 429 M.D. 2019, filed May 8, 2020), slip op. at 8-9 (quoting *Commonwealth v. Zirkle*, 107 A.3d 127, 133 (Pa. Super. 2014)) (emphasis added).[7]

In addition, the sentencing court's discretion to impose concurrent sentences extends to sentences imposed by separate sovereigns. Pursuant to Section 9761 of the Code:

> (a) Order of service of sentences.--If a minimum sentence imposed by the court which is to run concurrently with one which has been previously imposed would expire later than the minimum of such a

---

[7] "While Superior Court decisions are not binding on this Court, they may provide persuasive authority where . . . they address analogous legal issues." *DeSantis v. Lenox Place Condo. Ass'n, Inc.*, 316 A.3d 1119, 1121 n.4 (Pa. Cmwlth. 2024) (citation omitted). Pursuant to Commonwealth Court Internal Operating Procedure 414(a), 210 Pa. Code § 69.414(a), an unreported panel decision of the Commonwealth Court, issued after January 15, 2008, may be cited for its persuasive value.

previously imposed sentence, or if the previously imposed sentence is terminated before the expiration of the minimum sentence of the last imposed sentence, the defendant shall be imprisoned at least until the last imposed minimum sentence has been served.

(b) Sentences imposed by other sovereigns.--If the defendant **is at the time of sentencing subject to imprisonment under the authority of any other sovereign, the court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence.** If the defendant is released by such other authority before the expiration of the minimum time imposed by the court, he shall be returned to a correctional institution of the Commonwealth to serve the time which remains of the sentence. If the defendant is released after the minimum time has elapsed, he shall be considered for parole on the same basis as a prisoner who has served his minimum time in a correctional institution of the Commonwealth. If the defendant is released after the maximum time imposed under the sentence of imprisonment he shall be deemed to have served his sentence.

42 Pa.C.S. § 9761 (emphasis added). This is to say that the "sentencing court [is] granted [the power] under Section 9761(b) of the Sentencing Code to make state time run concurrently with federal time." *Griffin v. Dep't of Corr.*, 862 A.2d 152, 158 (Pa. Cmwlth. 2004).

Here, Kennedy requests that the DOC recalculate the state sentence to account for the time Kennedy served on the federal sentence in accordance with common pleas' sentencing order. Although the DOC argues Kennedy is not entitled to have his sentence recalculated in this manner, common pleas is authorized to impose a concurrent sentence pursuant to Sections 9721(a) and 9761 of the Code, and Kennedy is legally entitled to have proper credit applied to the state sentence. Thus, we cannot say with the requisite level of certainty that Kennedy has not established a clear right to relief.

## C. Corresponding Duty to Act

The DOC next claims that Kennedy cannot establish a corresponding duty of the DOC to implement a concurrent sentence and to award credit for same. The DOC acknowledges that it has a duty to follow a sentencing order, but not an order that imposes or compels an illegal act. (DOC's PO ¶¶ 20-22; DOC's Br. at 8.) The DOC argues that it does "not have a duty to apply any additional credit or to otherwise alter [Kennedy's] minimum and maximum sentence dates" because this would result in an unlawful duplicative credit under the Code. (DOC's PO ¶¶ 27-28; DOC's Br. at 6, 8-9 (citing *Barndt v. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006); *Bright v. Pa. Bd. of Prob. & Parole*, 831 A.2d 775, 778 (Pa. Cmwlth. 2003); *Taglienti v. Dep't of Corr.*, 806 A.2d 988 (Pa. Cmwlth. 2002)).) The DOC further asserts that based on the sentencing records in the DOC's possession, Kennedy's state sentence was correctly recalculated, and his minimum and maximum dates were updated to reflect this recalculation. (DOC's PO ¶¶ 24-25.)

Kennedy argues he is not seeking duplicative pre-sentence credit, acknowledging he is not entitled to such credit because he received credit on the federal sentence. (Kennedy's Br. at 4.) Rather, Kennedy maintains he wants the DOC to perform its duty and to properly implement common pleas' sentencing order. (*Id.* at 4-5.)

The DOC is the administrative agency tasked with carrying out sentences imposed by the courts, and, as such, the DOC has a duty to properly implement a prisoner's term of sentence; it has no discretion in altering same. *See Allen v. Dep't of Corr.*, 103 A.3d 365, 372 (Pa. Cmwlth. 2014); *Powell*, 14 A.3d at 915. In turn, the DOC is "charged with faithfully implementing sentences imposed by the courts." *Comrie*, 142 A.3d at 1001.

9

Based on the record before us, it appears that the DOC recalculated Kennedy's state sentence and awarded him some pre-sentence credit, notwithstanding that credit was awarded on the federal sentence. But the DOC refused to recalculate Kennedy's state sentence to account for the concurrent sentence **mandated in common pleas' sentencing order** as authorized by Section 9761(b) of the Code, as it had initially calculated the state sentence. *Barndt*, *Bright*, and *Taglienti* all involved mandamus requests by inmates seeking pre-sentence confinement credit on multiple sentences and, therefore, are distinguishable. *Barndt*, 902 A.2d at 595; *Bright*, 831 A.2d at 778; *Taglienti*, 806 A.2d at 992-93 (noting that Section 9761(b) did not apply to time confined prior to sentencing). *See also Powell*, 14 A.3d at 918 (noting that *Barndt* involved a request for duplicative pre-sentence confinement credit). As such, it does not appear clear and without doubt that the DOC implemented Kennedy's state sentence as it was mandated to do or complied with its non-discretionary duty to faithfully implement the sentence imposed by common pleas so as to sustain the preliminary objection. *See Comrie*, 142 A.3d at 1001.

### D. No Other Adequate Remedy Available

Finally, the DOC asserts that Kennedy did not lack other adequate remedies because when an inmate believes that they did not receive the benefit of the bargain regarding plea negotiations during sentencing, the direct appeal process, not mandamus, is the proper way to address this issue. (DOC's PO ¶¶ 29-30; DOC's Br. at 10-11.) However, pursuant to *Powell*, 14 A.3d 912, and *Allen*, 103 A.3d 365, an inmate is permitted to seek mandamus relief to compel the DOC to properly implement a sentencing order, which includes the correct calculation of a state sentence that is to run concurrent to a federal sentence. Thus, Kennedy's challenge to the DOC's purportedly incorrect sentence recalculation is properly brought as a

10

mandamus action. *See Allen*, 103 A.3d at 371 (noting that the inmate was not challenging the propriety of the sentence, but instead seeking "mandamus to compel [the] DOC to implement the sentencing order by awarding credit for time served"); *Foxe v. Dep't of Corr.*, 214 A.3d 308, 315 (Pa. Cmwlth. 2019) (holding that where an inmate "can demonstrate that [the inmate] is entitled to credit for at least some of the time he served . . . [the inmate] has established a clear right to relief") (emphasis in original); *Urch v. Dep't of Corr.* (Pa. Cmwlth., No. 138 M.D. 2017, filed Aug. 13, 2019), slip op. at 13 ("DOC erred in treating concurrent sentences as consecutive sentences subject to aggregation, which resulted in [inmate] serving additional time beyond the concurrent terms imposed by the sentencing court.").

In sum, accepting as true the allegations pled in the Petition, as we must at the preliminary objection stage, we cannot conclude that Kennedy has failed to state a claim for mandamus relief.

### III. SUMMARY RELIEF

Kennedy has also requested summary relief. "In evaluating an application for summary relief, the Court applies the same standards that apply to summary judgment." *Romig v. Wetzel*, 309 A.3d 1108, 1112 (Pa. Cmwlth. 2024) (citation omitted). This is to say that "the record is the same as that for a summary judgment motion . . . [, and t]he record includes the pleadings and other documents of record, such as exhibits." *Allen v. Pa. Bd. of Prob. & Parole*, 207 A.3d 981, 984 n.4 (Pa. Cmwlth. 2019) (citations omitted). "This Court may grant an application for summary relief if the moving party's right to judgment is clear and no material issues of fact are in dispute." *Cao v. Pa. State Police*, 280 A.3d 1107, 1109 (Pa. Cmwlth. 2022) (citations omitted). In other words, to grant summary relief "the matter [must be] free from doubt [] and [] if any doubt exists, it must be resolved in favor of

denying [] summary relief." *Bonner v. Chapman*, 298 A.3d 153, 162 (Pa. Cmwlth. 2023) (citations omitted) (emphasis removed).

Upon review of the Petition, the preliminary objection and answer thereto, and the parties' arguments, we conclude that the record is not sufficiently free and clear from doubt that Kennedy is entitled to mandamus relief in the exact manner sought. Here, Kennedy argues that the state sentence is to run concurrent to the federal sentence as ordered by common pleas in the sentencing order. While Kennedy is correct that common pleas ordered a concurrent sentence, which, as discussed above, common pleas is authorized to do under the Code, it remains unclear from the record the amount of credit Kennedy is entitled to at this time. Accordingly, at this juncture, we must deny the requested summary relief.

## IV.    CONCLUSION

For these reasons, because we cannot say with certainty that Kennedy has not stated a claim for mandamus relief, we must overrule the DOC's preliminary objection in the nature of a demurrer. However, because the record is not clear as to the amount of credit Kennedy would be entitled to receive if the state sentence is calculated to run concurrently with the federal sentence, we must deny summary relief.

_____
RENÉE COHN JUBELIRER, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Shamon Kennedy,                          :
                    Petitioner           :
                                         :
            v.                           :    No. 193 M.D. 2024
                                         :
Pennsylvania Dept. of Corr.; Bobbi Jo    :
Salamon, Sup't of SCI Rockview; and      :
Jennifer Bumbarger, Supervisor of        :
Records,                                 :
                    Respondents          :

# **O R D E R**

**NOW**, July 2, 2025, the preliminary objection filed by the Pennsylvania Department of Corrections, Bobbi Jo Salamon, Superintendent of the State Correctional Institution at Rockview, and Jennifer Bumbarger, Supervisor of Records (together, Respondents), is **OVERRULED**. The application for summary relief filed by Shamon Kennedy is **DENIED**. The Respondents shall file an answer to the Petition for Review in the nature of mandamus within thirty (30) days of the date of this Order.

_____
RENÉE COHN JUBELIRER, President Judge