J-S26022-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
           v.   :
  :
  :
  :
CORTNEY CASHTON FURNISS   :
  :
       Appellant   :   No. 1126 MDA 2023

Appeal from the Judgment of Sentence Entered May 22, 2023
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-CR-0003068-2021

BEFORE: PANELLA, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY OLSON, J.:        **FILED: MARCH 20, 2025**

Appellant, Cortney Cashton Furniss, appeals from the judgment of sentence entered on May 22, 2023, following his *nolo contendere* plea to one count of sexual assault and two counts of statutory sexual assault.[1] Upon careful consideration, we affirm.

The trial court briefly summarized the underlying facts of this case as follows:

> On July 16, 2019, the Pennsylvania State Police Criminal Investigation Unit, located at the [] Carlisle barracks in Cumberland County, received notification from the Polk County Sherriff's Office in Florida that they were investigating reported sexual assaults committed by Appellant against three minor children over the course of a five-year period. As the minors resided in both Pennsylvania and Florida over the course of that five-year span, the agencies launched a joint investigation.

---

[1] 18 Pa.C.S.A. §§ 3124.1 and 3122.1(b), respectively.

Trial Court Opinion, 11/9/2023, at 2-4 (parentheticals and footnote omitted).

"[O]n January 22, 2021, Appellant entered no contest pleas to [three] consolidated [] charges of [l]ewd and [l]ascivious [b]attery[ in Florida.] Pursuant to the terms of his Florida plea deal, Appellant received an agreed-upon [Florida] sentence of [10] years of incarceration, with 316 days of time credit" for time already spent in Florida. Trial Court Opinion, 11/9/2023, at 4.  After Appellant was sentenced in Florida, he was transported to the Cumberland County Prison in accordance with the Interstate Agreement on Detainers to await resolution of Pennsylvania charges.  On October 24, 2022, Appellant entered a plea of "no-contest" or *nolo contendere* to one count of sexual assault and two counts of statutory sexual assault before the trial court in Pennsylvania.[2]  Before accepting Appellant's plea, the trial court convened a hearing and conducted an oral colloquy on the record.  Therein, as explained in more detail below, the trial court to accept the terms of the agreement which included a three to seven-and-one-half-year sentence for

---

[2] This Court has previously stated:

> We note that although a *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing and is considered a conviction, it is not an admission of guilt. Unlike a guilty plea, a *nolo contendere* plea does not involve an acknowledgment as to having committed an illegal act. Rather, the *nolo contendere* plea admits that the allegations, if proven, meet the elements of the offense or offenses charged. Hence, in pleading no contest, [a defendant does] not admit to having committed the acts alleged.

***Commonwealth v. Moser***, 999 A.2d 602, 606 (Pa. Super. 2010) (citations omitted).

- 2 -

each count of statutory sexual assault "with each of those to run consecutive to each other and consecutive to the sentence [Appellant was] currently serving in Florida." N.T., 10/24/2022, at 2. Thereafter, the trial court addressed Appellant, stating, "I want to make sure that you understand [] that I will accept the sentencing agreement which adds [six] to 15 years to your Florida sentence, so after you're paroled on [the Florida sentence] you would begin your" sentence in Pennsylvania. *Id.* at 3. Appellant replied that he understood. Moreover, before accepting Appellant's plea, the trial court asked if any other promises were made to induce Appellant to plead *nolo contendere* other than those contained within the plea agreement. *Id.* at 7. Appellant responded no. *Id.* The trial court ultimately accepted Appellant's plea, noting "that the Commonwealth and defense have agreed to a sentence of … [three] to [seven] and a half years at each count" of statutory sexual assault "to run consecutive to each other and consecutive to the sentence in Florida, and a sentence of [three] to seven years [for sexual assault] to run concurrently to the [other two] sentences." *Id.* at 8. The trial court deferred sentencing, however, pending an assessment to determine whether Appellant should be classified as a sexually violent predator. *Id.* The docket reflects that Appellant, his counsel, and the Commonwealth signed a written plea agreement which was entered into the certified record.

Subsequently, on May 22, 2023, the trial court held a sentencing hearing. Therein, the following exchange occurred before the trial court imposed its sentence:

The Court: …Commonwealth, I need to clarify the plea agreement …. do I understand that both counts of [statutory sexual assault] are consecutive to the Florida sentence as well?

Commonwealth: Yes, both counts [] would be consecutive to Florida and each other.

The Court: But, that means that the credit is irrelevant?

Commonwealth: Yes.

The Court: Okay. That's what I needed to clarify. Okay. [Defense counsel,] I'm going to turn – so I'm not going to order credit because he isn't getting credit for this. He's getting credit in Florida as he sits here.

Defense counsel: Judge, didn't we have credit listed on the ---

The Court: Right, but it makes no sense. That's what I was clarifying because he shouldn't have credit because he's getting credit for Florida, and these are consecutive sentences.

\* \* \*

The only way it's consecutive is if he doesn't get credit, otherwise he would be getting double credit.

\* \* \*

Okay. So no credit, correct? I wouldn't have accepted the plea, to be frank, if he had had two years['] credit already going into this. So we did review the plea colloquy, plea transcript, and there is nothing in there about the credit either.

N.T., 5/22/2023, at 24-26 (emphasis added).

On May 22, 2023, the trial court entered a sentencing order. Pertinent to this appeal, the trial court sentenced Appellant to an aggregate term of six to 15 years of imprisonment for the two counts of statutory sexual assault,

consecutively to "any other sentence he [was] currently serving." Appellant also received a sentence of three to seven years of imprisonment for sexual assault concurrent to the two counts of statutory sexual assault. The sentencing order does not mention credit. This timely appeal resulted.[3]

In its opinion pursuant to Pa.R.A.P. 1925(a), the trial court addressed Appellant's contention that "he was denied the benefit of his plea bargain" when the trial court "both imposed a sentence of incarceration consecutive to his Florida incarceration and denied Appellant's request to modify his sentence to count his time spent incarcerated toward both his Florida and Pennsylvania sentences simultaneously." *See* Trial Court Opinion, 11/9/2023, at 9. The trial court stated that there was no dispute "that Appellant received credit for all the time spent incarcerated in Pennsylvania, [since it was] applied to his

---

[3] Although represented by counsel, Appellant filed a timely *pro se* post-sentence motion on June 1, 2023. On June 2, 2023, counsel for Appellant also filed a post-sentence motion, but not within 10 days after the imposition of sentence. *See* Pa.R.Crim.P. 720(A)(1). A counseled defendant may act on his own to protect important rights where counsel remains technically attached to the case but fails to serve his client's interests. *See* ***Commonwealth v. Leatherby***, 116 A.3d 73, 79 (Pa. Super. 2015) (*pro se* filing does not offend considerations of hybrid representation and should not be precluded from appellate review where counsel effectively abandoned the defendant and the trial court failed to appoint new counsel thereby constituting an administrative breakdown). The trial court accepted Appellant's *pro se* post-sentence motion as timely based upon ***Leatherby*** and we discern no error. *See* Trial Court Opinion, 11/9/2023, at 5 n.5. The trial court held a hearing on Appellant's post-sentence motion on July 7, 2023. The trial court "entered an order denying Appellant's request for double credit on July 10, 2023." ***Id.*** at 5. Thereafter, Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Florida sentence" and that Appellant was not entitled to receive credit against more than one sentence. *Id.* at 8-9 (citation omitted).

On appeal, Appellant presents the following issues[4] for our review:

I.     Whether the instant appeal is timely given [Appellant's] timely [pro se] filing of post-sentence motions despite the fact that plea counsel's post-sentence motions were filed more than ten (10) days after sentence was imposed?[5]

II.    [W]hether Appellant was denied effective assistance of plea counsel when counsel failed to verbally state each essential term of the plea agreement reached with the Commonwealth, including the agreement for [] Appellant to receive credit toward the sentence for any time served in Pennsylvania, which term was included on the written plea colloquy and signed by Appellant, plea counsel, and the Commonwealth?

III.   Whether the trial court erred in denying Appellant's request to modify the sentence imposed to reflect the terms of the written plea colloquy submitted to the court, crediting him for time served, rather than merely offering him the opportunity to withdraw [] his plea, more than eight months after the plea was tendered?

Appellant's Brief at 5 (complete capitalization omitted).

In his second issue presented, Appellant argues that plea counsel was ineffective for failing to place the terms of the written plea agreement on the record in open court, including the handwritten provision for credit for any time served in Pennsylvania beginning on September 21, 2021. *Id.* at 38. He claims that "[t]rial counsel did not address the credit component of the

---

[4] We have reordered Appellant's issues for ease of discussion and disposition.

[5] We have already addressed this claim and found that Appellant's *pro se* post-sentence motion was timely filed, despite his hybrid representation. *See* n.6, *supra*.

- 6 -

agreement with the trial court at the plea hearing" and Appellant "was advised that it would be addressed later" when he asked counsel about the issue at the post-sentence hearing. *Id.* at 39-40.

This claim is premature. As this Court has explained:

> Our Supreme Court recently reiterated the well-established principle that claims of trial counsel's ineffectiveness are to be raised in collateral proceedings and may not be raised on direct appeal. *See Commonwealth v. Bradley*, 261 A.3d 381, 391 (Pa. 2021) (stating, "claims of trial counsel's ineffectiveness ... are to be presented in a [petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546]"); *see also Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013) (stating, "claims of ineffective assistance of counsel are to be deferred to PCRA review"); 42 Pa.C.S.A. § 9543(a)(2)(ii) (setting forth ineffective assistance of counsel as grounds for collateral relief if pleaded and proven by a preponderance of the evidence).

*Commonwealth v. Royal*, 312 A.3d 317, 323 (Pa. Super. 2024) (brackets in original). Therefore, Appellant's claim of ineffective assistance of counsel is premature, and we dismiss it without prejudice to his right to raise it under the PCRA. *See id.*

Next, Appellant contends that he and the Commonwealth reached a plea agreement which provided for a minimum and maximum sentence and which also awarded credit for all time served in Cumberland County Prison pending resolution of Appellant's Pennsylvania charges. Appellant claims that these "[e]ssential terms of the agreement that are contained in writing should be honored when the court accepted the plea." *Id.* at 11. Appellant argues that the trial court "noted that the written colloquy reflected the notation of credit

from 9/20/21, but goes on to state that the plea transcript simply reflects that the court advised [Appellant] that his sentence of [six] to 15 years would begin after he got back from Florida." *Id.* at 25. Appellant asserts that "during the colloquy conducted by the trial court on October 24, 2022, no mention of the credit is made[.]" *Id.*

Appellant's claim rests on his contention that the written agreement contains a provision that entitles him to credit for time-served.[6] Upon review of the certified record, we note the following. The written agreement has a timestamp reflecting that it was filed at 4:03 p.m., after the conclusion of the hearing on October 24, 2022. The written agreement states that Appellant agreed to plead "no-contest" to two counts of statutory sexual assault and one count of sexual assault in exchange for the following sentences. On the first count of statutory sexual assault, the agreement set forth a three to seven and one-half year sentence of incarceration. On the second count of statutory sexual assault, the agreement set forth a three to seven and one-half year sentence of incarceration. The agreement further states that these sentences were to be imposed consecutively to each other. On the sexual assault charge, the written agreement sets forth a three-to-seven-year sentence of incarceration. The agreement further called for the sentence for sexual assault to be imposed concurrently to the sentences for statutory sexual

---

[6] Again, Appellant's claim is based solely on the written agreement. He does not challenge matters pertaining to the oral plea colloquy, the sentencing hearing, or the sentencing order.

assault, as well as Appellant's sentence in Florida.[7]  Pertinent to this appeal, the written agreement further states that Appellant receive "credit from September 20, 2021."  Written Plea Agreement, 10/24/2022, at *1.  We note, however, that upon review of the plea hearing, there is no mention of the written agreement.  It was not entered into evidence or read into the record.  Moreover, the trial court never discusses it in its Rule 1925(a) opinion.

"A claim asserting that the trial court failed to award credit for time served implicates the legality of a sentence." ***Commonwealth v. Gibbs***, 181 A.3d 1165, 1166 (Pa. Super. 2018) (citation omitted).  Moreover, despite the entry of a guilty plea, an appellant retains the right to challenge the legality of his sentence on direct appeal.  ***See Commonwealth v. Jones***, 929 A.2d 205, 212 (Pa. 2007) (defendant's entry of guilty plea does not preclude challenge to legality of sentence on direct appeal).  Further, we may raise the legality of a sentence *sua sponte* and an illegal sentence must be vacated. ***Commonwealth v. Hill***, 238 A.3d 399, 407-408 (Pa. 2020) (noting that an appellate court may raise and address legality of sentence *sua sponte*, and must vacate an illegal sentence).  "Issues relating to the legality of a sentence are questions of law [and o]ur standard of review over such questions is *de novo* and the scope of review is plenary." ***Gibbs***, 181 A.3d at 1166 (citation omitted).

---

[7] The sexual assault sentence, however, could not be imposed concurrently to both the Florida sentence and the statutory sexual assault sentences imposed in Pennsylvania which were imposed consecutively to the longer Florida sentence.

Under the Pennsylvania Sentencing Code, "[c]redit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of conduct on which such a charge is based. **Credit shall include credit for the time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal**." 42 Pa.C.S.A. § 9760(1) (emphasis added). "If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time spent in custody under the former charge **that has not been credited against another sentence**." 42 Pa.C.S.A. § 9760(4) (emphasis added). As we have previously determined:

> Section 9760 does not contemplate credit for time served to be awarded twice. Similarly, our Courts have consistently held that such double credit for time served is neither contemplated, nor authorized, by Section 9760. **Barndt v. PA Dept. of Corrections**, 902 A.2d 589, 595 (Pa. Cmwlth. 2006); **see also Taglienti v. Dep't of Corrections**, 806 A.2d 988, 993 (Pa. Cmwlth. 2002) ("[Credit for time served prior to the sentencing date is governed by Section 9760 which does not provide for credit for time on unrelated offenses or when credit has been already credited against another sentence."); **see also Commonwealth v. Hollowell**, 604 A.2d 723, 726 (Pa. Super. 1992) (where defendant was sentenced separately on convictions resulting from two criminal informations, and awarded credit for time previously served as to one set of charges, he was not entitled to credit for time served on second set of charges; appellant should not receive a windfall for sentencing on completely unrelated crime).

*Commonwealth v. Kissel*, 239 A.3d 119 (Pa. Super. 2020) (non-precedential decision).

In this case, Appellant entered a guilty plea on the Florida charges, received his sentence on those offenses, and commenced service on his Florida sentence when he was thereafter transferred to Pennsylvania to resolve the criminal charges in this matter. Pennsylvania entered into the Interstate Agreement on Detainers (IAD) effective June 27, 1978. *See* 42 Pa.C.S.A. § 9101. We have explained:

> The IAD is a compact among 48 states, the District of Columbia and the United States. The IAD establishes procedures for the transfer of prisoners incarcerated in one jurisdiction to the temporary custody of another jurisdiction which has lodged a detainer against them. The policy of the IAD is to encourage the expeditious and orderly disposition of charges and its purpose is to promote and foster prisoner treatment and rehabilitation programs by eliminating uncertainties which accompany the filing of detainers.
>
> *      *      *
>
> The IAD applies only to sentenced prisoners.

*Commonwealth v. Destephano*, 87 A.3d 361, 364 (Pa. Super. 2014) (internal citations, quotations, and original brackets omitted). Article V of the IAD provides for the temporary custodial transfer of convicted and sentenced defendants to a receiving state for the purpose of facilitating the resolution of outstanding charges. *See* 42 Pa.C.S.A. § 9101(V)(a) and (d). Importantly, the IAD provides that "[d]uring the continuance of temporary custody or while the prisoner is otherwise being made available for trial as required by this

agreement, **time being served on the sentence shall continue to run** but good time shall be earned by the prisoner only if, and to the extent that, the law and practice of the jurisdiction which imposed the sentence may allow." 42 Pa.C.S.A. § 9101(V)(f).

Here, based upon our standard of review, extensive examination of the record, and applicable law as discussed at length above, we conclude that the trial court did not err as a matter of law or abuse its discretion in refusing to award Appellant credit for time served in Cumberland County pending resolution of his Pennsylvania sexual assault charges. The record reflects, and there is no dispute, that prior to the entry of Appellant's plea and up until the date the court in Pennsylvania imposed punishment, Appellant was sentenced, incarcerated, and already serving a separate sentence in Florida.[8] Pursuant to the IAD, Appellant's time served in Pennsylvania, as the result of Appellant's temporary custody to face charges here, "continue[d] to run" on his Florida

---

[8] As Appellant acknowledges, the trial court offered Appellant the opportunity to withdraw his plea, but "he declined that offer and requested that the trial court merely grant him the benefit of his bargain by modifying his sentence to give him the credit he would have been entitled to under the [plea] agreement." Appellant's Brief at 9, *citing* N.T., 7/7/2023, at 15-17. As such, we summarily reject any attempt to call into question the validity of Appellant's plea agreement. Instead, Appellant contends that the trial court failed to award time credit when it was obligated to do so and, therefore, we review this case as a challenge to the legality of sentence. Here, the written plea agreement merely states "Credit from 9/20/21." No Contest Plea Colloquy, 10/24/2022, at *1. Because our application of the IAD and Section 9760 make clear that Appellant was not entitled to apply credit for time served while incarcerated in Cumberland County Prison toward his Pennsylvania sentence, as discussed at length, Appellant is not entitled to relief.

sentence. 42 Pa.C.S.A. § 9101(V)(f). Appellant acknowledged that "the entire time that [he had] been in Pennsylvania, [he was] serving [his] Florida sentence." N.T., 7/7/2023, at 6. Moreover, Section 9760 does not contemplate credit for time served to be awarded twice or where credit was already credited against another sentence. Here, the trial court stated that there was no dispute "that Appellant received credit for all the time spent incarcerated in Pennsylvania, [since it was] applied to his Florida sentence" and that Appellant was not entitled to receive credit against more than one sentence. *See* Trial Court Opinion, 11/9/2023, at 8-9 (citation omitted). Based upon the foregoing discussion, we agree. As such, Appellant received the credit to which he was entitled as a matter of law and relief is not warranted. Accordingly, Appellant's final appellate argument is without merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/20/2025