IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania Department of Corrections | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| Devon Hill, | : | No. 440 M.D. 2024 |
| Petitioner | : | Submitted: March 3, 2026 |

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                                    FILED: April 13, 2026


This matter was transferred to our original jurisdiction on September 3, 2024, from the Court of Common Pleas of Philadelphia. Petitioner Devon Hill (Hill), *pro se*, seeks review of the calculation of his sentence by the Pennsylvania Department of Corrections (DOC). The DOC has filed preliminary objections in the nature of a demurrer, asserting that Hill seeks mandamus relief but has not established the basis for that relief. Upon review, we sustain the DOC's preliminary objections in part and overrule them in part.


## I. Background

The underlying facts here are not in dispute. On December 19, 2018, Hill was arrested and charged with multiple offenses, including attempted murder, in connection with an October 2018 shooting incident in Philadelphia. Ancillary Petition for Review at 1. He was released on April 2, 2019, after the charges were initially dismissed. *Id*. On June 11, 2019, he was arrested on drug charges in Butler County. *Id*. He has been in DOC custody since then, including on June 18, 2021, when he pleaded guilty in the Butler County case to possession with intent to deliver

narcotics and received a sentence of two to five years on that conviction. *Id*. at 1-2. On February 7, 2020, while Hill was in custody on the Butler charges, but before his above-noted guilty plea to those charges, he was recharged in the Philadelphia case with the same charges as in his initial December 2018 arrest. *Id*. at 1; *see also Commonwealth v. Hill* (Pa. Super., No. 3173 EDA 2023, filed Nov. 5, 2024), slip op. at 4, 24 WL 4679036, at *2 (unreported). The Philadelphia matter went to an initial trial in February 2022 that resulted in a mistrial, then to a 2023 retrial at which he was found not guilty of attempted murder but guilty of aggravated assault and lesser charges, including reckless endangerment of another person. Amended Sentencing Order, Dec. 13, 2023 (Ex. To Ancillary Petition for Review); *see also Hill*, slip op. at 4, 24 WL 4679036, at *2 (unreported).

In December 2023, Hill was sentenced on the Philadelphia convictions: 9 to 18 years on the aggravated assault conviction and 1 to 2 consecutive years on the reckless endangerment conviction, resulting in an aggregate sentence of 10 to 20 years; sentences on the lesser charges were to run concurrently to the aggravated assault charge. *See* Amended Sentencing Order. The sentencing order also stated that the DOC was to calculate any credit for time Hill was due and that the Philadelphia sentence was to run concurrently with his Butler County sentence. *Id*.

On August 29, 2024, Hill filed a *pro se* letter with the Philadelphia sentencing court asserting that the DOC did not run his Philadelphia sentence concurrently with the Butler County sentence, which resulted in lost time credit. The sentencing court transferred the matter to this Court in a September 3, 2024, order stating that it no longer had jurisdiction over the case and that this Court was the appropriate forum for challenges to the DOC's calculations. Sentencing Court's Order, Sept. 3, 2024. The sentencing court's transfer order also noted that the court's

December 2023 sentencing order "does clearly state that" Hill's sentence on the Philadelphia charges "should run concurrent with the Butler County sentence." *Id*. Hill then filed an ancillary petition for review with this Court, reiterating his argument regarding the concurrency of his sentences, and adding that he did not receive credit on his Philadelphia sentence for 107 days he spent in custody between his initial December 2018 arrest on the Philadelphia charges and his April 2019 release on those charges before they were reinstated in February 2020 while he was in custody on the Butler County charges. Ancillary Petition for Review at 2.

On May 23, 2025, the DOC filed preliminary objections in the nature of a demurrer to Hill's ancillary petition for review. The DOC characterized Hill's petition as seeking mandamus relief in the form of an order from this Court directing the DOC to award credit as sought by Hill. DOC's Preliminary Objections at 1-2. The DOC asserted that it computed Hill's sentence correctly and that Hill failed to meet the mandamus requirements because he was not entitled "to have his sentences calculated in the manner which he seeks." *Id*. at 4. The DOC averred that it properly credited Hill's time served from his June 11, 2019, Butler County arrest through his June 18, 2021, plea on those charges to his Butler County sentence. *Id*. The DOC added that Hill failed to provide documentary support for his request for credit for the time he spent in custody between his initial December 2018 arrest on the Philadelphia charges and his April 2019 release, after those charges were initially dropped, but prior to his Butler County arrest in June 2019. *Id*. at 5. Lastly, the DOC averred that Hill had a remedy other than mandamus because, to the extent he was dissatisfied with his Philadelphia sentence, the appropriate avenue was through the sentencing court and direct appeal process. *Id*.

3

Hill filed a response to the DOC's preliminary objections. He adjusted his request for relief to seek credit on the Philadelphia sentence for time served as of February 7, 2020, the date when he was recharged in the Philadelphia case while serving time in the Butler County case, through his December 8, 2023, sentencing on the Philadelphia case. Hill's Response to DOC Preliminary Objections at 1-2.

The record includes the DOC's DC-16E Sentence Status Summary form issued on December 21, 2023, shortly after Hill was sentenced on the Philadelphia convictions. DC-16E Form (Ex. A to DOC's Preliminary Objections). It reflects his 2-to-5-year sentence on the Butler County conviction. *Id.* at 1. It also includes his 9-to-18-year sentence on the Philadelphia aggravated assault conviction and lesser offenses and his separate consecutive 1-to-2-year sentence on the reckless endangerment conviction, for an aggregate minimum of 10 years. *Id.* It assigns "commitment credit" to the Butler County term from Hill's June 2019 arrest through his June 2021 plea to those charges. *Id.* at 2. It states that his minimum date on the Butler County conviction is June 11, 2021, two years from his June 11, 2019, arrest, and that his minimum date on the Philadelphia convictions is December 8, 2033, based on his December 8, 2023, sentencing for those convictions. *Id.* at 3.

The DC-16E form is consistent with the DOC's December 2023 DC-300B form for Hill's Philadelphia sentence. Ex. to Hill's Aug. 29, 2024, Letter to Sentencing Court. Neither form indicates that Hill received any credit on his Philadelphia sentence for time served between his initial December 2018 arrest on the Philadelphia charges and his April 2019 release after those charges were dismissed prior to being reinstated on February 7, 2020. Briefing on the DOC's preliminary objections is complete and this matter is now ripe for disposition.

4

## II. Issues and Arguments

In support of its preliminary objections, the DOC maintains that Hill has no legal basis for mandamus relief because its computation of his Philadelphia sentence complied with the sentencing order. DOC's Br. at 8-9. The DOC adds that Hill's time served between June 2019 and June 2021 was properly credited to the Butler County sentence and that no additional credit was warranted. *Id*. at 9. The DOC avers that while a sentencing court may run a sentence concurrently with another sentence, the court cannot direct the DOC to award double credit for time served on unrelated offenses. *Id*. Next, the DOC acknowledges the time Hill spent in custody between his initial December 2018 arrest on the Philadelphia charges and his April 2019 release after those charges were dropped but before he was arrested in June 2019 on the Butler County charges and the February 2020 reinstatement of the Philadelphia charges. *Id*. at 4. However, the DOC maintains that Hill has failed to support his request for credit on the Philadelphia sentence for that time.[1] *Id*. at 9.

Hill responds that the Philadelphia sentencing order requires that he be given "time credit toward both sentences" for the time he served in custody after his June 2019 arrest on the Butler County charges through his December 2023 sentencing on the Philadelphia convictions. Hill's Br. at 5-7. He believes that the sentencing court's order that his Philadelphia sentence run concurrently to his Butler County sentence "simultaneously reduced" his Philadelphia sentence despite the order clearly stating a term of 10 to 20 years. *Id*. at 7. He states that this would not

[1] Hill does not brief this issue, which he raised in his ancillary petition for review. However, the DOC has not asserted waiver and it is not waived. In the preliminary objection context, including in this Court's original jurisdiction, the responding party is not required to "respond to a preliminary objection, nor must that party defend claims asserted in the complaint"; relatedly, "[f]ailure to respond does not sustain the moving party's objections by default, nor does it waive or abandon the claim." *Uniontown Newspapers, Inc. v. Roberts*, 839 A.2d 185, 190 (Pa. 2003). We will, therefore, consider this issue below.

result in improperly duplicated credit because that is "exactly what the meaning of concurrent is." *Id*. at 8. He asks this Court to direct the DOC to recompute his sentence with a new minimum in 2030, or 10 years from the February 2020 reinstatement of the Philadelphia charges, rather than the current minimum date in 2033. *Id*.

## III. Discussion

In preliminary objections, this Court accepts as true all well-pled allegations of material fact in the petition for review, as well as all inferences reasonably deducible from those facts. *Dantzler v. Wetzel*, 218 A.3d 519, 522 n.3 (Pa. Cmwlth. 2019). However, this Court need not accept unwarranted inferences, conclusions of law, argumentative allegations, or expressions of opinion. *Id*. For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery. *Id*. Any doubt must be resolved in favor of the non-moving party. *Id*.

Mandamus is "an extraordinary action at common law and is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy"; there must be "a clear legal right in the [petitioner], and a corresponding duty in the [respondent]." *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005). The purpose of mandamus relief is not to establish legal rights, but to enforce those rights already established beyond question. *See Africa v. Horn*, 701 A.2d 273, 275 (Pa. Cmwlth. 1997).

## A. Time Served After June 2019 Arrest on Butler County Charges

The DOC is tasked with carrying out sentences imposed by the courts, and, as such, has a duty to properly implement those sentences without alteration. *See Allen v. Dep't of Corr.*, 103 A.3d 365, 372 (Pa. Cmwlth. 2014). That said, our courts have consistently held that "double credit for time served is neither contemplated, nor authorized" by the Sentencing Code. *Barndt v. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006). Section 9760 of the Sentencing Code states:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> (2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.
>
> (3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.
>
> (4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence

7

> resulting from such prosecution shall be given for all time spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760. "[T]he first three scenarios outlined in Section 9760 do not permit a sentencing court to provide a prisoner with credit for time served on another unrelated offense." *Taglienti v. Dep't of Corr.*, 806 A.2d 988, 992 (Pa. Cmwlth. 2002). "The fourth scenario outlined in Section 9760 makes it clear that time credit on a sentence can only be given when it has not already been credited against another sentence." *Id*. Relatedly, Section 9761(b) of the Sentencing Code states that if the individual "is at the time of sentencing subject to imprisonment under the authority of any other sovereign, the court may indicate that imprisonment under such other authority shall satisfy or be credited against both the minimum and maximum time imposed under the court's sentence." 42 Pa.C.S. § 9761(b).

Whereas Section 9760 pertains to credit for time served before a new sentence is imposed, Section 9761 pertains to credit for time served after a new sentence is imposed. *Barndt*, 902 A.2d at 596. However, like Section 9760, Section 9761 may not be read as permitting an award of double credit for unrelated sentences or when credit has already been assigned to another sentence. *Id*.; *Taglienti*, 806 A.2d at 993. When an individual is imprisoned in one county while serving time on charges specific to that county, he cannot simultaneously receive credit against a sentence imposed on unrelated charges in another county, because the DOC "cannot be compelled to award double credit" and mandamus is not available "where a prisoner is seeking to have the DOC apply credit to another sentence for an unrelated offense that the prisoner was serving at the time he was sentenced." *Taglienti*, 806 A.2d at 993 (collecting cases). Moreover, a sentencing court may not "backdate" the beginning of a new sentence to a time when the defendant was serving time on

8

an unrelated charge. *Foxe v. Dep't of Corr.*, 214 A.3d 308, 314 n.11 (Pa. Cmwlth. 2019).

Here, at the time of the Philadelphia sentencing in December 2023, Hill was serving the two-to-five-year Butler County sentence that began with his June 2019 arrest on the Butler County charges. Ancillary Petition for Review at 1-2. The Philadelphia sentencing order imposed a 10-to-20-year aggregate sentence, stated that the DOC was to calculate credit for time served prior to the Philadelphia sentencing, and directed that the Philadelphia sentence was to run concurrently with Hill's then-ongoing sentence on the Butler County conviction. Amended Sentencing Order.

The DOC's computation of Hill's sentences, as shown on the DC-16E form, shows that he received credit on the Butler County sentence from his June 2019 arrest on those charges through his June 18, 2021, guilty plea and receipt of a two-to-five-year sentence for that conviction. DC-16E Form at 2. Because Hill remained in custody on the Butler County charges after his conviction on them, that sentence continued running through the December 2023 Philadelphia sentencing and ended on the Butler County maximum date of June 11, 2024. *Id*. at 3.

Given the Philadelphia sentencing court's order that Hill's Philadelphia sentence was to run concurrently with his Butler County sentence, the DC-16E form shows that the DOC complied by starting Hill's Philadelphia sentence on December 8, 2023, the date it was imposed. DC-16E Form at 3. This meant that the two sentences ran concurrently from December 8, 2023, through the Butler County maximum date of June 11, 2024, after which the Butler County sentence concluded and Hill remained in prison solely on the Philadelphia conviction. Thus, the DOC faithfully carried out the Philadelphia sentencing order. *See Allen*, 103 A.3d at 372.

Relatedly, the DOC properly assigned Hill credit on his Butler County sentence from June 2019 through June 2021 in accordance with Section 9760(1), which directs that pre-sentence time is to be credited to the offense for which the individual is ultimately convicted and sentenced. *See* 42 Pa.C.S. § 9760(1).

The Philadelphia sentencing order properly does not impose double credit, and the DOC's determinations did not result in Hill receiving double credit for any time period, which would contravene the clear and settled principle that Section 9760 "does not provide for credit for time served on unrelated offenses or when credit has been already credited against another sentence." *Taglienti*, 806 A.2d at 993. This refutes Hill's contentions that he should receive credit on his Philadelphia sentence for time he spent incarcerated before that sentence was imposed, as of either his June 2019 Butler County arrest or the February 2020 reinstatement of the Philadelphia charges while he was incarcerated on the Butler County charges. If this Court were to order otherwise, Hill would improperly receive double credit for time he spent in prison on the Butler County charges.

We note that Hill attached to his brief a page from his Philadelphia sentencing colloquy where the sentencing court stated that the Philadelphia term would run concurrently to his Butler County term, "otherwise one of them is going to steal your time credit. So by ordering them to go concurrent, the idea is that you will get the same time credit on both." *See* Attachment to Hill's Br. First, even in this Court's original jurisdiction, an attachment to a brief is not considered part of the record that we may consider because our review in the context of preliminary objections is limited to the pleadings, which does not include briefs. *Thomas v. Corbett*, 90 A.3d 789, 800 (Pa. Cmwlth. 2014) (quashing exhibits to brief filed by inmate). Second, even if this Court could formally consider the excerpt from Hill's

Philadelphia sentencing colloquy, Hill's interpretation of the sentencing court's words would contravene the rule against double credit expressed in *Barndt* and *Taglienti*. As such, we agree with the DOC that Hill has failed to establish a clear right to the mandamus relief he seeks with regard to time served after his June 11, 2019, Butler County arrest, and the DOC's preliminary objections will be sustained in this regard.[2]

## B. Time Served After Initial December 2018 Arrest on Philadelphia Charges

As quoted above, Section 9760(1) of the Sentencing Code authorizes credit for time spent in custody prior to sentencing for the specific charge or conduct for which a sentence is imposed:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1). This provision does not require that the time served be continuous through conviction and sentencing on the subject offense. In fact, it has been interpreted as providing generally that a defendant is to be given "credit for *any days* spent in custody prior to the imposition of sentence, but only if such commitment is on the offense for which sentence is imposed." *Kelly v. Pa. Bd. of Prob. & Parole*, 900 A.2d 476, 480 (Pa. Cmwlth. 2006) (emphasis added). As such, Section 9760(1) contains two elements: "(1) the time must be 'spent in custody' and

---

[2] As Hill has failed to establish a clear right to mandamus relief in this respect, we do not reach whether the DOC had a corresponding duty or whether Hill had an alternate remedy to mandamus relief.

(2) the time must be 'as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.'" *Foxe*, 214 A.3d at 313. "If both conditions are met, then the defendant is entitled to credit." *Id*.

Here, the DOC does not dispute that Hill was initially arrested on the Philadelphia charges in December 2018 and released when those charges were dropped in April 2019. DOC's Br. at 4. After Hill was arrested in June 2019 on the Butler County charges, the Philadelphia charges were reinstated in February 2020; he was convicted and sentenced on those charges in December 2023. *Id*. Citing Section 9760(1), Hill asserted in his ancillary petition for review that he should have received credit on his Philadelphia sentence for the time he served between December 2018 and April 2019. Ancillary Petition for Review at 2. As noted above, the DC-16E and DC-300B forms in this case do not reflect that Hill received credit for that time.

The DOC asserts that Hill's claim on this issue should fail because he has not supported it with documentation. DOC's Br. at 9. However, this is not the appropriate standard for preliminary objections, in which this Court accepts as true all well-pled allegations of material fact in the petition for review, as well as all inferences reasonably deducible from those facts. *Dantzler*, 218 A.3d at 522 n.3. As noted, the DOC does not dispute that Hill served the time at issue. The question is whether, as a matter of law, Hill had a clear right to receive credit for that time once he was ultimately sentenced in December 2023 on new charges based on the same underlying incident and conduct.[3] Section 9760 does not preclude an award of

_____

[3] As noted above, the Philadelphia charges brought when Hill was initially arrested in December 2018 were dropped in April 2019 and he was released. Those charges were reinstated

12

credit for the time Hill served between December 2018 and April 2019 and even mandates that such credit "shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S. § 9760(1).

To the DOC's point, even if Hill was required to provide documentary support for this claim, it is unclear how he could do so when the very documents that would support the claim, such as the DC-16E and DC-300B forms, do not reflect the credit Hill now seeks through his petition for review to this Court. We are, therefore, left with an undisputed fact, specifically that Hill served time on the Philadelphia charges between 2018 and 2019, but the record here, such as it is, does not indicate that he received credit for that time when he was ultimately sentenced on those charges in 2023. This would appear to fit the elements of Section 9760: Hill served time "in custody" and "as a result of the criminal charge" or conduct for which he was ultimately sentenced. *Foxe*, 214 A.3d at 314. Based on the available record, it appears Hill has demonstrated that he has a clear right to relief on this portion of his time served.

If the sentencing court's order clearly specified the credit at issue, the DOC would have a corresponding duty to apply that credit correctly. *Foxe*, 214 A.3d at 315. In *Foxe*, the sentencing court's order, based on a negotiated guilty plea, stated that the defendant "was to *receive credit for all time served*" prior to his plea and sentencing. *Id*. at 311 (emphasis in original). The defendant asserted that he was deprived of credit for time served between his arrest and sentencing and asked this Court for mandamus relief in the form of an order directing the DOC to include

---

in February 2020 while he was incarcerated on the Butler County charges. The Superior Court's decision arising from Hill's direct appeal indicates that the reinstated charges were identical to the original charges. *See Hill*, slip op. at 4, 24 WL 4679036, at *2.

the requisite credit. *Id*. at 312. As it did here, the DOC filed preliminary objections in the nature of a demurrer asserting that the defendant failed to state a valid mandamus claim. *Id*. This Court treated the sentencing court's order that Foxe receive "credit for all time served" as sufficiently clear and concluded that the DOC's failure to incorporate Foxe's pre-sentence time served into his sentence computation meant that it failed in its duty. *Id*. at 315.

Here, the sentencing court's order did not specify any dates or circumstances for which Hill was to receive credit, stating only that credit for time served was "to be calculated by the DOC." Sentencing Order at 1. Consistent with *Foxe*, however, we conclude that the order here was sufficiently clear in its direction that Hill receive all credit mandated by Section 9760(1) for his pre-sentence time served, even if the order did not specify the dates or nature of that time. As the record does not indicate that the DOC applied any of that credit when it computed Hill's Philadelphia sentence, it appears that the DOC did not fulfill its duty corresponding to his right to that time.

Lastly, as in *Foxe*, the DOC asserts that Hill's proper remedy for relief is not mandamus in this Court, but before the sentencing court. 214 A.3d at 315. This Court disagreed in *Foxe*, stating that "[w]hile mandamus is an extraordinary writ, it can be used to compel DOC to honor particular sentencing orders or to compute a prisoner's sentence properly." *Id*. More specifically, "mandamus is an appropriate remedy to correct an error in DOC's computation of maximum and minimum dates of confinement where the sentencing order clearly gives the inmate credit for the time period in question and DOC's computation does not comply with that credit." *Id*. at 315-16. Accordingly, this Court concluded that Foxe properly raised his sentence credit challenge in his mandamus action. *Id*. at 316. Here, Hill

14

seeks the same relief: credit for pre-sentence time served on the Philadelphia charges, which is mandated by Section 9760 and encompassed by the sentencing court's order. As in *Foxe*, we conclude that mandamus relief in this Court constitutes the proper remedy for Hill's challenge. *Id*.

In reviewing preliminary objections, we must accept Hill's factual allegations as true. Further, as noted, the DOC does not dispute that Hill served time in custody on the Philadelphia charges between December 2018 and April 2019 and does not argue that he already received credit for that time, which otherwise fits within the Section 9760(1) elements. As such, Hill has established a sufficiently clear legal right to relief regarding at least some of the credit he seeks. *See Foxe*, 214 A.3d at 313-14. He has also established that the DOC appears to have failed in its duty to calculate his Philadelphia sentence in accordance with the sentencing court's order and that mandamus is the appropriate remedy under the circumstances. *See id.* at 314-16. Because Hill has pled a mandamus claim for which relief may be granted, the DOC's preliminary objections will be overruled in this regard. *See id.* at 316. The DOC is directed to file an answer to Hill's petition within 30 days of the date of the below order.

## IV. Conclusion

For the foregoing reasons, the DOC's preliminary objections are sustained as to the credit Hill seeks for time served after his June 11, 2019, arrest in the Butler County case. The DOC's preliminary objections are overruled as to the credit Hill seeks for time served after his December 19, 2018, arrest in the Philadelphia case through his April 2, 2019, release after the charges in that matter were dismissed prior to being reinstated in February 2020. In accordance with this

15

opinion, the DOC is directed to file an answer to Hill's ancillary petition for review within 30 days of the date of the attached Order.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of      :
Corrections      :
     :
     v.      :
     :
Devon Hill,      :    No. 440 M.D. 2024
     Petitioner      :

**PER CURIAM**            **O R D E R**


AND NOW, this 13th day of April, 2026, the preliminary objections filed by the Pennsylvania Department of Corrections (DOC) in response to the ancillary petition for review filed by Petitioner Devon Hill (Hill) are SUSTAINED as to the credit Hill seeks on his Philadelphia sentence for time served after his June 11, 2019, arrest in the Butler County case. The DOC's preliminary objections are OVERRULED as to the credit Hill seeks for time served after his December 19, 2018, arrest in the Philadelphia case through his April 2, 2019, release after the charges in that matter were dismissed prior to being reinstated in February 2020. The DOC is directed to file an answer to Hill's ancillary petition for review within 30 days of the date of this Order.